UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| IN RE:<br>BRADLYNN CORP INC.<br>    Debtor, | Chapter 11<br>Case No.: 23-12142 |

## EMERGENCY MOTION FOR
## AUTHORIZATION TO USE CASH COLLATERAL
**[Emergency Determination Requested by December 27, 2023]**

**NOW COMES** Debtor, Bradlynn Corp. Inc., and hereby moves this Court for entry of an order pursuant to Sections 361 and 363 (c) (2) of the Bankruptcy Code, and MLBR 4001-1, authorizing the use of the cash collateral of secured creditors Credibly of Arizona LLC ("Credibly") and Headway Capital, LLC ("Headway"). **As set forth below, the Debtor will need to pay certain ongoing expenses, including wages by Wednesday, December 27, 2023. As such, the Debtor requests, pursuant to MLBR-1(g), emergency determination of this motion**. In support of this Motion, the Debtor respectfully represents:

### Introduction

1. On December 21, 2023 ("Petition Date"), the Debtor filed a voluntary petition under Chapter 11 of the Bankruptcy Code in this Court.

2. Pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code, the Debtor continues to manage its business and financial affairs as a debtor-in-possession. No creditor's committee has yet been appointed in this case.

### Background

3. The Debtor is a Massachusetts corporation that owns and operates a plumbing business, located in Lakeville, Massachusetts.  The Debtor's office is situated on the property owned

by 271 Bedford Street, LLC. The Debtor had an executed commercial lease agreement with 271 Bedford Street, LLC, which has since expired and now the property is leased on a month-to-month basis. The Debtor also rents a storage garage from T. Sikorski Realty, LLC, with no current written lease. The Debtor employs 5 full time employees and 1 part time employee.

4. The Debtor's operations were severely affected by COVID, and it is still in the process of recovering from the COVID closures. Additionally, creditor Credibly is exercising its UCC and taking the Debtor's accounts receivable. The Debtor is currently operating and meeting its current obligations as they come due.

5. The Debtor intends to utilize the Chapter 11 process in order to reorganize its business and propose a Chapter 11 plan of reorganization funded by anticipated income from the business operations.

### The Debtor's Creditors

6. The Debtor's secured creditor is Credibly. The Debtor entered into a business loan with Credibly in August of 2023. The current balance of the loan is approximately $ 110,000.00. The Debtor's other secured creditor is Headway. The Debtor entered into a business loan with Headway in September of 2022 and the current balance of the loan is approximately $62,923.00.

7. The Debtor has additional obligations to First Citizens Federal Credit Union and Toyota Financial, both of which have loans secured on the Debtor's vehicles.

8. The Debtor does not believe it has tax debt with the Massachusetts Department of Revenue or the Internal Revenue Services but will continue to monitor and evaluate any claims filed by the taxing authorities.

9. The Debtor has approximately $250,000.00 in general unsecured debt, which consists of mainly of trade debt.

## Relief Requested

10. As Debtor-in-Possession, other than the right of compensation, Debtor has the rights and powers of a trustee under the Bankruptcy Code § 1107(a). The Debtor-in-Possession may operate a business pursuant to § 1108. The Debtor-in-Possession may enter into transactions in the ordinary course of business and use property in the ordinary course of business (unless the Court orders otherwise). § 363(c)(1). The ability to so operate is conditioned when the assets are under lien(s) and there is Cash Collateral involved. The right to use Cash Collateral is authorized by § 363(c)(2), which provides that Cash Collateral may be used if each entity that has an interest in such Cash Collateral consents, or if the Court authorizes such use after notice and a hearing. Notwithstanding the objection of a party with an interest in the Cash Collateral, pursuant to § 363(e) the Court may authorize the use of Cash Collateral if the party with the asserted interest is provided with adequate protection for its interest in the collateral. Moreover, where the secured creditor's interest in the Cash Collateral is adequately protected, the policy and provisions of the Bankruptcy Code mandate the authorization of the use of Cash Collateral. *See MBank Dallas, NA. v. O'Conner (In re O'Conner),* 808 F.2d 1393 (10th Cir. 1987); *Chrysler Credit Corp.* v. *Ruggiere (In re George Ruggiere Chlysler Plymouth, Inc.),* 727 F.2d 1017 (l1th Cir. 1984).

11. The concept of adequate protection is described in 5 Norton Bankr. L & Prac. 3d § 94:7, as follows (internal citations omitted):

> Adequate protection is designed to protect an entity with an interest in property of the estate against an unconstitutional taking of its property interest through suspension or abrogation of its right to look to its collateral to repay the debt…Adequate protection is compensatory…The form of protection is flexible and may include a replacement lien, periodic payments, or any other method that provides the creditor with the "indubitable equivalent" of its interest in the property.

12. Reference is made to 11 U.S.C. § 361 for the establishment of the forms of adequate protection. Periodic cash payments may be made to the extent that the use of Cash Collateral under § 363 results in a decrease in the value of an entity's interest in property of the estate; or the grant of a replacement lien to the extent that the use of Cash Collateral results in a decrease in the value of the entity's interest in such property; or the grant of such other relief (other than compensation under § 503(b)(1) as an administrative expense) as will result in the indubitable equivalent of such entity's interest in the property.

13. In the present case, the Debtor asserts that any cash collateral used by the Debtor will be used solely to maintain operations and thus reduce the chance of any possible diminution in value of the property. However, in addition, the Debtor also proposes to grant to Credibly and Headway the following as additional adequate protection:

    a. The Debtor shall make monthly adequate protection payments to Credibly in the amount of $1,500.
    b. The Debtor shall make monthly adequate protection payments to Headway in the amount of $1,000.00.
    c. The Debtor shall remain within its Budget, attached hereto as Exhibit A, within an overall margin of 10%.

14. The foregoing proposal more than adequately protects Credibly and Headway.

**Notice**

15. No trustee has been appointed in this Chapter 11 case, no examiner, or official committee has been appointed in this Chapter 11 case. Copies of this Motion, together with copies of a proposed Order hereon and of the Emergency Motion, have been furnished by ECF or overnight mail or Facsimile to: (a) the Office of the United States Trustee for this district; (b) the Debtor's 20 largest unsecured creditors as reflected in the list filed by the Debtor pursuant to Fed. R. Bankr. P. 1007(d); (c) the Internal Revenue Service; (d) the Massachusetts Department of Revenue; (e) the Massachusetts Department of Unemployment Assistance; (f) the Debtor's secured creditors (collectively the "Notice Parties"). The Debtor submits that such service constitutes sufficient notice of this Motion, the proposed Order hereon and the relief sought hereunder in the particular circumstances.

**WHEREFORE,** Debtor prays that the Court:

A.  Enter an order, in a form to be provided to the Court, authorizing the Debtor to use cash collateral in accordance with the Budget; and

B.  Grant such other and further relief as the Court may deem just and proper.

Respectfully Submitted,
The Debtor,
By Its Attorney

/s/ Peter M. Daigle_____
Peter M. Daigle, Esquire
BBO # 640517
1550 Falmouth Road, Suite 15
Centerville, MA 02632
(508) 771-7444

Dated: December 22, 2023

## **CERTIFICATE OF SERVICE**

I hereby certify that I have caused a duplicate copy of the above to be served upon all interested parties of record by electronic e-mail or first class mail, postage prepaid as set forth below.

/s/ Peter M. Daigle_____
Peter M. Daigle, Esquire

Dated:  December 22, 2023

**Electronic Mail/ECF:**

Richard King, Asst. US Trustee


**Fax/Email/Overnight Mail:**

**Internal Revenue Service**
PO Box 7346
Philadelphia, PA 19101
Fax: 855-808-5147

**Massachusetts Department of Revenue**
Bankruptcy Unit
P.O. Box 7090
Boston, MA 02204
Fax: 617-626-2299

**Massachusetts Department of Unemployment Assistance**
19 Staniford Street
Boston, MA 02114
Fax: 617-727-3012


**271 Bedford Street, LLC**
271 Bedford Street
Lakeville, MA 02347

**Air Energy**
6 Norfolk Avenue
South Easton, MA 02375
Fax: 508-230-9446

**Credibly of Arizona, LLC**
25200 Telegraph Road #350
Southfield, MI 48033
Fax: 888-371-8950

**Dean B. Fawcett, III**
271 Bedford Street
Lakeville, MA 02347
kfawcett@bradlynn-mechanical.com

**F.W. Webb Company**
98 Lindbergh Avenue
Methuen, MA 01844
Fax: 781-272-7790

**First Citizens Federal Credit Union**
200 Mill Road
PO Box 270
Fairhaven, MA 02719
Fax: 774-628-7891

**Florida Department of Financial Services**
as receiver for United Property & Casult
11351 Ulmerton Road, Suite 314
Largo, FL 33778
Fax: 850-413-5552

**Headway Capital, LLC**
175 W Jackson Blvd Suite 1000
Chicago, IL 60604
Fax: 888-742-2642

**Metropolitan Pipe**
30 Inner Belt Road
Somerville, MA 02143
Fax: 617-876-8449

**Newman Associates, LLC**
80 Hudson Road, Suite 200
Canton, MA 02021
Fax: 781-329-4000

**Paula Welch**
32 Priscilla Way

**T. Sikorski Realty, LLC**
50 Turner Street
East Taunton, MA 02718

**The NEFCO Corporation**
PO Box 1701
Bridgeport, CT 06601
Fax: 860-528-3923

**The Portland Group**
PO Box 583
Framingham, MA 01704
Dave.rapazza@theportlandgroup.com

**Toyota Financial**
PO Box 5855
Carol Stream, IL 60197
Fax: 310-468-7814

**United Rental (North America) Inc.**
PO Box 100711
Atlanta, GA 30384
Fax: 203-622-6080