UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| IN RE: ) <br> BRADLYNN CORP INC. ) <br>     Debtor, ) <br> ) | Chapter 11 <br> Case No.: 23-12142 |

**DEBTOR'S AMENDED EMERGENCY MOTION FOR ORDER AUTHORIZING THE DEBTOR TO PAY PREPETITION WAGES**
**[Determination on or Before Wednesday, December 27, 2023 Requested]**

Debtor Bradlynn Corp. Inc. (the "Debtor"), by and through its proposed counsel, The Law Office of Peter M. Daigle, hereby moves this Court for entry of an order pursuant to Sections 105 and 363(b) of the Bankruptcy Code, authorizing the Debtor to pay prepetition accrued employee wages, and related taxes to the appropriate taxing authorities. **As set forth below, the Debtor will have to fund payroll on Wednesday, December 27, 2023. Accordingly, pursuant to MLBR 9013-1(h), the Debtor seeks emergency determination of this Motion.** In support of this Motion, the Debtor states:

### I.  Jurisdiction

1.  This Court has jurisdiction to entertain this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). The statutory predicates for the relief requested herein are Sections 105(a) and 363(b) of the Bankruptcy Code.

### II.  Introduction

2.  On December 21, 2023 (the "Petition Date"), the Debtor filed a voluntary petition under Chapter 11 of the Bankruptcy Code in this Court.

3.  Pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code, the

Debtor continues to manage its businesses and financial affairs as a debtor-in-possession. No creditors' committee has yet been appointed in this case.

### III.    Background

4.    The Debtor is a Massachusetts corporation that owns and operates a plumbing business, located in Lakeville, Massachusetts. The Debtor does not own the property which the plumbing business is located on.

5.    The Debtor's operations were severely affected by COVID, and it is still in the process of recovering from the COVID closures. Additionally, creditor Credibly is exercising its UCC and taking the Debtor's accounts receivable. The Debtor is currently operating and meeting its current obligations as they come due.

### IV.    Employee Obligations

6.    The Debtor currently employs 6 employees, 5 full-time and 1 part-time. All employees are hourly employees. The Debtor's full-time employees receive benefits and paid vacation. The continued and uninterrupted service of the employees is essential to the Debtor's continuing operations and to maximize the value of the Debtor's estate.

7.    The Debtor's employees are paid weekly for services provided through the prior week of the payment. The payroll checks are drawn on an account at Bristol County Savings Bank (the "Bank"). The Debtor's original Motion to Pay Prepetition Wages incorrectly stated the payroll dates as being December 7, 2023 through December 14, 2023. The Correct payroll period is December 14, 2023, through December 20, 2023. The Debtor's next payroll is scheduled for December 27, 2023 and will cover the period from December 14, 2023 through December 20, 2023. The Debtor estimates the upcoming payroll for prepetition wages for December 14, 2023 to December 20, 2023 to be $5,100.13. As all employees are hourly, the

payroll fluctuates but not more than $2,000.00 per pay period.

8.  None of the prepetition wages owed remotely approach the $13,650.00 cap established by Section 507(a)(4) cap.

### VI.  Relief Requested

9.  By this Motion, the Debtor seeks entry of an order authorizing the Debtor to pay to or on behalf of its current employees, in the ordinary course and when due, prepetition wages and salaries, and any related taxes due thereon (including all federal, state and local payroll taxes, deductions, and withholdings), to the extent they do not exceed the 507(a)(4) cap.

10.  As of the Petition Date, the Debtor's books and records indicate that in no instance will the aggregate amount of wages or benefits to or on behalf of an employee exceed the sum of $13,650 allowable as a priority claim under Sections 507(a)(4) of the Bankruptcy Code.  All of these amounts were, according to the Debtor's books and records, incurred within 180 days before the Petition Date.

11.  By this Motion, the Debtor also requests that the Bank be authorized and directed to receive, process, honor and pay all payroll checks presented for payment, whether such checks were presented prior to or after the Petition Date, to the extent sufficient funds are available in the accounts to make such payments.

### VII.  Basis for Relief Requested

12.  As a result of these Chapter 11 filings, the Debtor is prohibited from paying claims that arose prior to the Petition Date without receiving specific authorization from this Court.  Each employee of the Debtor is, however, entitled to a priority claim for Compensation earned in the 180-day period preceding the Petition Date in an amount up to $13,650.00.  11 U.S.C. § 507(a)(4).  Claims for payroll and related taxes are also entitled to

priority status.  11 U.S.C. § 507(a)(8).

      13.      Pursuant to Sections 363(b) and 105 of the Bankruptcy Code and the "necessity of payment" doctrine, the Debtor is seeking authority to pay the Employee Obligations.  Under Section 363(b)(1), the Debtor is authorized to use the property of the estate other than in the ordinary course of business after notice and hearing.  Under Section 105(a) of the Bankruptcy Code, courts in this jurisdiction have routinely authorized debtors-in-possession to pay the prepetition claims of its employees.

      14.      The general equitable powers of the Bankruptcy Court are codified in Section 105(a) of the Bankruptcy Code that empowers the Court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]."  11 U.S.C. § 105(a).  Courts often grant the type of relief requested herein pursuant to Section 105 of the Bankruptcy Code, especially in complex reorganization cases involving a workforce that is critical to the debtor's success.  The relief requested by this Motion is supported by the well-established "necessity of payment" doctrine.  Courts routinely rely on the doctrine for authority to enter an order authorizing the payment of prepetition wages and other employee benefits.  For example, in <u>In re Ionosphere Clubs, Inc.</u>, 98 B.R. 174 (Bankr. S.D.N.Y. 1989), the Bankruptcy Court for the Southern District of New York, exercising its inherent equitable powers, affirmed a previous order that authorized the payment of all prepetition wage and other employment-related claims of the airline debtor's active work force, without authorizing the payment of similar claims of the debtor's work force that was involved in a strike.  The court found that such payment was necessary to the continued operation of the debtor and, having made this finding, held that it was empowered to authorize the payment. <u>Id</u>. at 177 (quoting H.R. Rep. No. 595, 95th Cong., 1st Sess. 4, <u>reprinted in</u> 1978 U.S.C.C.A.N. 5787, 5963).

15.     Similarly, in Michigan Bureau of Workmen's Disability Compensation v. Chateaugay Corp., 80 B.R. 279 (S.D.N.Y. 1987), the District Court upheld an order of the Bankruptcy Court authorizing the debtor to pay selected general unsecured workmen's compensation claims of its employees as it saw fit, where such selection was grounded on sound business judgment.  In re Gulf Air, Inc., 112 B.R. 152 (Bankr. W.D. La. 1989), the Bankruptcy Court for the Western District of Louisiana authorized payment of all prepetition wage and health benefit claims by the debtor's employees, where it found such payment would prevent loss of going concern value and aid the ultimate rehabilitation of the debtor.  The airline debtor stressed the critical role that the employees would play in the rehabilitation of the debtor and urged that satisfaction of their compensation claims was critical to the reorganization effort.  The court agreed:

> [R]etention of [the employees'] skill, organization and reputation for performance must be considered valuable assets contributing to going concern value and siding rehabilitation where that is possible.

Id. at 154;  PBGC v. Sharon Steel Corp., 159 B.R. 730, 736 (Bankr. W.D. Pa. 1993) (wherein the bankruptcy court approved the allocation of the six percent of the sale proceeds of the debtor's assets to the immediate payment of wage claims where it was shown payment was necessary to avoid serious threat to reorganization effort).

16.     The Debtor is highly dependent on its trained and experienced workforce.  As such, the retention of its current employees during the bankruptcy case is one of the Debtor's highest priorities.  The relief requested herein is necessary to ensure that the Debtor can retain and maintain the morale of its experienced employees throughout the bankruptcy cases, thereby preserving the Debtor's on-going operations.

17.     Therefore, in order to retain the Debtor's experienced workforce necessary

to maintain the continuity of its services throughout the Chapter 11 cases, the Debtor must be permitted to honor all obligations to its employees as if this Chapter 11 case had not intervened. Granting the relief sought herein would be in the best interests of the Debtor and its estate and would both avoid hardship to the Debtor's employees and maintain the viability of the Debtor's services for the duration of this case.

18. The Debtor does not intend by this Motion to assume any executory obligations and this Motion should not be deemed an assumption or adoption of any agreements or policies providing for coverage or any other executory contracts. Rather, the Debtor simply intends, in its discretion and in the exercise of its business judgment, to maintain its current policies pending further business decisions relevant to the Debtor's case.

### VIII. Notice and No Prior Motion

19. No trustee has been appointed in this Chapter 11 case, no examiner, or official committee has been appointed in this Chapter 11 case. Copies of this Motion, together with copies of a proposed Order hereon and of the Emergency Motion, have been furnished by ECF or overnight mail to: (a) the Office of the United States Trustee for this district; (b) the Debtor's 20 largest unsecured creditors as reflected in the list filed by the Debtor pursuant to Fed. R. Bankr. P. 1007(d); (c) the Internal Revenue Service; (d) the Massachusetts Department of Revenue; (e) the Massachusetts Department of Unemployment Assistance; (f) the Debtor's secured creditors (collectively the "Notice Parties"). The Debtor submits that such service constitutes sufficient notice of this Motion, the proposed Order hereon and the relief sought hereunder in the particular circumstances.

20. No prior request for the relief requested herein has been made to this or any other Court.

### IX.  Conclusion

WHEREFORE, the Debtor respectfully requests that this Court: (a) enter an order, in substantially the form attached hereto granting the Motion; and (b) grant such other and further relief as this Court may deem just and proper.

                              Respectfully submitted,
                              The Debtor,
                              By Its Attorney,

                              /s/ Peter M. Daigle_____
                              Peter M. Daigle, Esquire
                              BBO # 640517
                              1550 Falmouth Road, Suite 10
                              Centerville, MA 02632
Dated: December 26, 2023         (508) 771-7444
                              pmdaigleesq@yahoo.com

## **CERTIFICATE OF SERVICE**

      I hereby certify that I have caused a duplicate copy of the above to be served upon all parties of record by electronic e-mail and first class mail.

                        /s/ Peter M. Daigle
                        Peter M. Daigle, Esquire

Dated: December 26, 2023

**Electronic Mail/ECF**:

Richard King, Assistant U.S. Trustee
David Madoff, Esq.

**Fax/Email/Overnight Mail:**

**Internal Revenue Service**
PO Box 7346
Philadelphia, PA 19101
Fax: 855-808-5147

**Massachusetts Department of Revenue**
Bankruptcy Unit
P.O. Box 7090
Boston, MA 02204
Fax: 617-626-2299

**Massachusetts Department of Unemployment Assistance**
19 Staniford Street
Boston, MA 02114
Fax: 617-727-3012

  **271 Bedford Street, LLC**
  271 Bedford Street
  Lakeville, MA 02347

  **Air Energy**
  6 Norfolk Avenue
  South Easton, MA 02375

Fax: 508-230-9446

**Credibly of Arizona, LLC**
25200 Telegraph Road #350
Southfield, MI 48033
Fax: 888-371-8950

**Dean B. Fawcett, III**
271 Bedford Street
Lakeville, MA 02347
kfawcett@bradlynn-mechanical.com

**F.W. Webb Company**
98 Lindbergh Avenue
Methuen, MA 01844
Fax: 781-272-7790

**First Citizens Federal Credit Union**
200 Mill Road
PO Box 270
Fairhaven, MA 02719
Fax: 774-628-7891

**Florida Department of Financial Services**
as receiver for United Property & Casult
11351 Ulmerton Road, Suite 314
Largo, FL 33778
Fax: 850-413-5552

**Headway Capital, LLC**
175 W Jackson Blvd Suite 1000
Chicago, IL 60604
Fax: 888-742-2642

**Metropolitan Pipe**
30 Inner Belt Road
Somerville, MA 02143
Fax: 617-876-8449

**Newman Associates, LLC**
80 Hudson Road, Suite 200
Canton, MA 02021
Fax: 781-329-4000

**Paula Welch**
32 Priscilla Way
Carver MA 02330

**T. Sikorski Realty, LLC**
50 Turner Street
East Taunton, MA 02718

**The NEFCO Corporation**
PO Box 1701
Bridgeport, CT 06601
Fax: 860-528-3923

**The Portland Group**
PO Box 583
Framingham, MA 01704
Dave.rapazza@theportlandgroup.com

**Toyota Financial**
PO Box 5855
Carol Stream, IL 60197
Fax: 310-468-7814

**United Rental (North America) Inc.**
PO Box 100711
Atlanta, GA 30384
Fax: 203-622-6080